**[J-111-2020] [OAJC: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 8 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered November |
| | : | 19, 2019 at No. 1281 WDA 2018 |
| v. | : | affirming in part and reversing in |
| | : | part the Judgment of Sentence of |
| | : | the Court of Common Pleas of |
| WAYLYNN MARIE HOWARD, | : | Allegheny County entered August 1, |
| | : | 2018 at No. CP-02-CR-0008615- |
| Appellant | : | 2017. |
| | : | |
| | : | ARGUED:  December 2, 2020 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**

I concur in the result of the Opinion Announcing the Judgment of the Court (OAJC), and agree substantially with Justice Saylor's concurring opinion.  Though I agree the evidence presented in this case is insufficient to support a criminal charge of endangering the welfare of children (EWOC), 18 Pa.C.S. §4304(a)(1), I would reach this result with a straightforward analysis of the relevant statutory texts, the evidence of record, and the trial court's findings and conclusions — "without recourse to the community-standards approach relied on by the [OAJC,]" Concurring Opinion at 1 (Saylor, J.), but relying upon the foundational principles of statutory interpretation and appellate review for evidentiary sufficiency.

When presented with a criminal defendant's sufficiency claim on appeal, we must determine whether, when viewed in the light most favorable to the Commonwealth as verdict winner, the evidence at trial proved each material element of the offense beyond

a reasonable doubt. *See Commonwealth v. Smith*, 234 A.3d 576, 581 (Pa. 2020). Here, the relevant material elements of the offense are: (1) knowingly bringing a child's welfare into peril or creating a dangerous situation for the child's welfare, *i.e.*, "endanger[ing] the welfare of the child[,]" *see* OAJC at 14, and (2) knowingly "violating a duty of care, protection or support." 18 Pa.C.S. §4304(a)(1).

As the OAJC aptly sets forth, a person acts "knowingly" with respect to a material element of an offense when:

> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
>
> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

OAJC at 6, *quoting* 18 Pa.C.S. §302(b)(2). Whether the creation of a situation that is dangerous to a child's welfare involves the **nature** of a defendant's conduct as anticipated by subsection 302(b)(2)(i), or is also the **result** of it and subject to subsection 302(b)(2)(ii),[1] the record must support that the mother in this case was, at a minimum, aware of the creation of a situation dangerous to the child's welfare, **and** aware she violated a duty of care.

The entire record in the present case consists of the affidavit of probable cause only, and when viewed in the light most favorable to the Commonwealth, this singular piece of evidence establishes these facts: Mother was in the passenger seat of a car

---

[1] Though the OAJC indicates the creation of a dangerous situation for the child's welfare is definitively a "result" of conduct subject to the more stringent *mens rea* standard provided in Section 302(b)(2)(ii), I would not foreclose on the possibility that such endangerment may arise from the nature of conduct or an attendant circumstance of it, or be comprised of both conduct/circumstance **and** result, depending upon the particular circumstances, *i,e.,* whether the conduct poses a risk of danger, or whether it results in an actual danger or harm to a child's welfare. However, as explained *infra*, due to the paucity of factual information in this record I do not view this case as an appropriate vehicle to decisively reach any conclusion on this question as a matter of law.

driven by another person; her daughter was alone in the back seat and not secured in a car seat; the car was in an accident with two other vehicles, which heavily damaged the front of the car Mother occupied; no one in that car was wearing a seatbelt and there was no car seat in the car; and after the accident, Mother stated to police she feared the child would fly from the back seat and hit the windshield during the collision. *See* Amended Affidavit of Probable Cause. The Commonwealth relied upon the Motor Vehicle Code (MVC) Section 4851, requiring children under four years old to be secured in a car seat while being transported in a motor vehicle, to establish Mother violated a codified duty to the child. *See* N.T., 8/1/2018 at 19, *citing* 75 Pa.C.S. §4581. The trial court explicitly found Mother "violated a duty of care . . . codified at 75 Pa.C.S. §4581, which states, 'any person **who is operating a passenger car**, . . . and who transports a child under four years of age anywhere in the motor vehicle . . . shall fasten such child securely in a child passenger restraint system[.]'" Trial Court Opinion, 11/27/2018 at 4, *quoting* 75 Pa.C.S. §4581(a)(1)(i) (emphasis and ellipses added). The trial court relied on this finding alone to somehow determine an additional pivotal fact: Mother was aware of this duty and violated it, such that "[t]he elements of [EWOC] have been established beyond a reasonable doubt[.]" *Id.*

The duty of care codified by MVC Section 4581 is expressly assigned to "any person who is operating a passenger car." The record in this case contains no evidence, or legal argument, establishing any fact or reasonable inference that Mother was an operator of the vehicle. And perhaps more significantly, pursuant to subsection 4581(f), the requirements of the MVC's occupant protection provisions or evidence of their violation is **"not admissible as evidence in a criminal proceeding"** as a matter of law. 75 Pa.C.S. §4581(f) (emphasis added). Subsection 4581(f) does not prescribe in whose criminal proceeding the MVC provisions' requirements or violations are inadmissible, but

rather, it generally proscribes their use "in a criminal proceeding[.]" *See id.* Because Mother's conviction rests expressly upon the trial court's finding she violated a codified duty of care which the record does not support was applicable to her, and further, upon requirements of the MVC which were inadmissible, I conclude there is insufficient evidence in this record to establish Mother's actual awareness of a violation of a duty, and therefore the Commonwealth did not meet its burden to prove each element of the offense of EWOC.

Additionally, though the "common sense of the community" may at times appropriately provide context to application of the EWOC statute, in my view, it does not aid our analysis in this case. Certainly our communal common sense — no doubt codified in the MVC — directs our understanding that a three-year-old child should be secured in a car seat when transported in a moving motor vehicle. But there is no definitive communal common sense, and more importantly, no evidence in this record, regarding the appropriate discharge of a parental protective duty when there is no car seat available (despite the Commonwealth's bald assertion the child should have been secured by a seatbelt). As demonstrated in the responsive expressions of my insightful colleagues, placing a seatbelt on a small child when no car seat is available might be a reasonable first impulse, but doing so may also create its own set of dangers. Given the present record, we are left to speculate over the parameters of a parent's duty under these circumstances.

Accordingly, while I would approach the analysis of this issue differently, I agree with the OAJC's conclusion that the threadbare facts in this case, *i.e.*, a parent allowing a child to ride in a car-for-hire without a car seat, were, "without more, insufficient to support a conviction for endangering the welfare of a child under Section 4304." OAJC at 20.

Chief Justice Baer joins this concurring opinion.